IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ERIC RANDALL HINKLE, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | W-16-CV-090-RP |
| § | |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutional Division, § | |
| § | |
| Respondent. § | |

## ORDER

Before the Court are the Petition For a Writ of Habeas Corpus by a Person in State Custody (Clerk's Dkt. #1) and Memorandum in Support (Clerk's Dkt. #2). For the reasons set forth below, Petitioner's application for writ of habeas corpus is denied.

### I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

Petitioner Eric Randall Hinkle states in his petition that he is in custody pursuant to a judgment and sentence of the 372nd Judicial District Court of Tarrant County, Texas. Petitioner states he is serving a 45-year sentence for aggravated sexual assault of a child. Petitioner does not challenge his holding conviction. Rather, he challenges prison disciplinary case number 20150321723.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's due process rights were violated because his exculpatory evidence was disregarded.

2. He was denied the right to call witnesses.

3. Petitioner was disciplined in retaliation for using the grievance system at TDCJ.

## II.  DISCUSSION

Petitioner states that, as a result of the disciplinary cases, he lost a total of forty-five days of recreation, commissary and phone privileges.  These punishments do not trigger the Due Process Clause.  In *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Id*.  See also *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) ("administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest"); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications").

In addition, Petitioner states he was reduced in line class from Line 1 to Line 2.  However, challenges to changes in time-earning class also do not present grounds for federal habeas corpus relief.  The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating.  *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Finally, Petitioner states he also lost 30 days of good time credits.  Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost

good time credits and is eligible for mandatory supervision. *See Malchi*, 211 F.3d at 957-58; *Madison*, 104 F.3d at 768. Petitioner is not eligible for mandatory supervision, because he was convicted of aggravated sexual assault of a child. See TEX. GOV'T CODE § 508.149(a)(7) (stating an inmate may not be released to mandatory supervision if the inmate is serving a sentence for aggravated sexual under Section 22.021, Penal Code (Aggravated Sexual Assault)). Thus, the loss of good time serves only to affect Petitioner's possible release on parole. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits does not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979). Accordingly, Petitioner is not entitled to habeas corpus relief.

### III.  CONCLUSION

As all of Petitioner's claims fail on the merits, the Court finds his petition must be denied. An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, a certificate of appealability shall not be issued.

Accordingly, the Court hereby **ORDERS** that Petitioner's petition for writ of habeas corpus is **DENIED**.

The Court finally **ORDERS** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on April 20, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE